```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KENNETH AND LORI WOOD

                        Plaintiffs,
                                                    00-cv-6433T

              v.                              DECISION
                                              and ORDER
MUSTANG EXPRESS TRUCKING, INC., "K" LINE
AMERICA, Inc., KAWASAKI KISEN KAISHA, LTD.,
G.M. SERVICES, INC., LUIZ CHAVEZ, and JULIO
CUELLAR,

                        Defendants.
_____
```

INTRODUCTION

Plaintiffs, Kenneth and Lori Wood, ("plaintiffs" or "the Woods") bring this action for negligence against defendants Mustang Express Trucking, Inc., ("Mustang"), "K" Line America, Inc., ("K Line"), Kawasaki Kisen Kaisha, Ltd.,("Kawasaki" or "defendant"), G.M. Services, Inc., ("GM"), Luiz Chavez, ("Chavez"), and Julio Cuellar, ("Cuellar"). Plaintiffs allege that each defendant is liable for the injuries Kenneth Wood sustained in a work related accident. Defendant Kawasaki moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process, 12 (b)(2) for failing to state sufficient allegations in the Complaint to obtain personal jurisdiction over Kawasaki, and 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs oppose Kawasaki's motion to dismiss the Complaint.

For the reasons set forth below, defendant's motion to dismiss is granted pursuant to Federal Rule of Civil Procedure 12(b)(5).

## BACKGROUND

On March 26, 1998, the plaintiff, Kenneth Wood, was employed by Toshiba as a forklift operator at the Toshiba plant in Elmira, New York. While operating the forklift in the process of loading Toshiba components onto a tractor trailer truck, the truck moved forward and the forklift fell into the gap between the trailer and the loading dock, thus causing the injuries claimed by the plaintiff.

## PROCEDURAL HISTORY

In a Complaint dated August 2000, plaintiffs set forth causes of action against the following defendants: 1) Mustang which provided and arranged trucking services to and from the Toshiba plant, 2) Luis Chavez, a truck driver, 3)Chavez's employer, G.M. Services Express Inc., and 4) Julio Cuellar, owner of the tractor. In February 2001, plaintiffs amended their complaint to add K-Line as an additional defendant as owner of the trailer. On November 3, 2004, plaintiffs amended their complaint a second time adding yet another defendant, Kawasaki (the sole moving defendant in this present motion) as owner or lessee of the trailer component parts. Kawasaki, a Japanese corporation, was served with a summons and complaint by international registered mail directed to its office in Japan.

The summons and complaint were filed with the Court on December 20, 2004. Plaintiffs claim that service was effectuated on December 21, 2004. Kawasaki now moves to dismiss the claims against itself pursuant to Federal Rule of Civil Procedure 12(b) on grounds that: the international mail service was ineffective pursuant to Fed.R.Civ.P. 12(b)(5), the complaint inadequately pleads a basis for personal jurisdiction over Kawasaki pursuant to Fed.R.Civ.P. 12(b)(2), and the matter is time-barred against Kawasaki pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiffs oppose the motion.

## DISCUSSION

I. <u>Fed.R.Civ.P. 12(b)(5) Motion to Dismiss-</u>

Kawasaki, a Japanese corporation, moves to dismiss plaintiffs' complaint challenging the validity of service of process pursuant to Federal Rule of Procedure 12(b)(5). Federal Rule of Civil Procedure 4 provides that service on a foreign corporation should be effectuated in accordance with applicable international treaties. Specifically, Rule 4 (f) provides:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents

Japan is a signatory of the Hague Convention, thus it is essential to consider the applicable language of Article 10 of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents which governs international service of process. Article 10 states:

> Provided the State of destination does not object, the present Convention shall not interfere with--
>
> (a) the freedom to *send* judicial documents, by postal channels directly to persons abroad,
>
> (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect *service* of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,
>
> (c) the freedom of any person interested in a judicial proceeding to effect *service* of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Hague Convention art. 10, Nov. 16, 1965, 20 U.S.T. 361,(emphasis added).

The government of Japan has officially objected to subparagraphs (b) and (c) of Article 10, but has not objected to subparagraph (a). Plaintiffs' argue that because Japan has not objected to subparagraph (a) international service of process through the mail is therefore an acceptable means of serving a Japanese corporation. However, defendant Kawasaki maintains that international service by mail is not acceptable because Japan has not specifically consented to it. Furthermore, defendant argues that the "service" language used in subparagraph (b) and (c) is clearly

different from the subparagraph (a) language which simply provides for "send[ing]" judicial documents but does not encompass "service" of process. Thus, service of process cannot be effected by mail pursuant to subparagraph (a).

Moreover, courts in this district have held that service by mail on Japanese corporations in Japan is not permitted because the word "send" used in subparagraph (a) of the Hague Convention does not encompass service of process, but instead addresses only "a method for sending subsequent documents after service of process has been obtained." See Charas v. Sand Tech. Sys., Int'l, Inc., 90 Civ. 5638, 1992 U.S. Dist. LEXIS 15227, at *7 (S.D.N.Y. Oct. 7, 1992) (quoting Bankston v. Toyota Motor Corp., 889 F.2d 172, 174 (8th Cir. 1989); Fitzgibbon v. Sanyo Sec. Am., Inc., No. 92 Civ. 2818, 1994 U.S. Dist LEXIS 8386, at *25-28 (S.D.N.Y. June 22, 1994)(holding that Japan did not intend to authorize service of process when it failed to object to Article 10(a) of the Convention). These courts relied on, *inter alia*, an Eighth Circuit case, Bankston v. Toyota Motor Corp. which expressly held that international service of process by mail on Japan is not permitted based on the language of Article 10(a) of the Hague Convention. Bankston v. Toyota Motor Corp., 889 F.2d 172, 174 (8th Cir. 1989).

Although, other district courts have accepted service of process by mail on Japanese defendants in Japan, see Lemme v. Wine of Japan Import, Inc., 631 F.Supp 456, (E.D.N.Y. 1986); Turick v. Yamaha Motor Corp., 121 F.R.D. 32, (S.D.N.Y. 1988), there exists no

Second Circuit authority on the question of service of process in Japan pursuant to the Hague Convention except for dicta in <u>Ackerman v. Levine</u>, 788 F.2d 830, 839-840 (2d Cir. 1986).

However, I find that international service of process on Japan through the mail is not authorized by the Hague Convention for several reasons. First, the Supreme Court's statement, in the context of the Hague Convention that "the term 'service of process' has a well-established technical meaning" provides convincing proof that the authors of the Hague Convention did indeed intend to differentiate meanings when choosing to use the term "send" in subparagraph 10(a) and using the term "service" in subparagraphs (b) and (c). <u>Volkswagenwerk Aktiengesellschaft v. Schlunk</u>, 486 U.S. 694, 700 (1988). Second, the plain meaning of the word "send" versus "service" is clearly distinguishable and should be applied "absent a clearly expressed legislative intention to the contrary." <u>Bankston v. Toyota Motor Corp.</u>, 889 F.2d 172, 174 (8th Cir. 1989)(quoting <u>Consumer Prod. Safety Comm'n v. GTE Sylvania Inc</u>., 447 U.S. 102, 108 (1983)). Moreover, as other courts have noted, Japan does not authorize private parties to serve process by mail, thus "given the fact that Japan itself does not recognize a form of service sufficiently equivalent to America's registered mail system, it is extremely unlikely that Japan's failure to object to Article 10, subdivision (a) was intended to authorize the use of registered mail as an effective mode of service of process." <u>Charas v. Sand Tech. Sys., Int'l, Inc.</u>, 90 Civ. 5638, 1992 U.S. Dist. LEXIS 15227, at *

9(S.D.N.Y. Oct. 7, 1992)(quoting <u>Suzuki Motor Co. v. Superior Court</u>, 200 Cal. App. 3d 1476, 1481 (1988).

Plaintiffs' reliance upon <u>Ackermann v. Levine</u>, 788 F.2d 830, (2d Cir. 1986) which broadly addresses the question of international service by a signatory of the Hague Convention is misplaced since it is clearly distinguishable from the case at hand. <u>Ackermann</u> deals with the propriety of service of process by mail in the United States for the purpose of initiating a suit in West Germany and *not* in Japan. <u>Ackermann</u>, 788 F.2d at 830. Furthermore, in <u>Ackermann</u> the United States, unlike Japan did not object to any part of Article 10 of the Hague Convention *and* service by mail is an acceptable service of process in the United States. <u>Id</u>. Thus, it would be improper to consider <u>Ackermann</u> as having any impact upon the instant case because of these significant factual differences. Therefore, I find that Japan did not intend to authorize service of process by mail when it failed to object to Article 10(a) of the Convention.

Accordingly, because plaintiffs have failed to demonstrate that they have served the defendant other than by mail, Kawasaki's motion to dismiss pursuant to Rule 12(b)(5) is granted. The Court need not consider defendant's other motions to dismiss because with this decision they are now moot.

<u>CONCLUSION</u>

For the reasons set forth above, defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b) (5) is granted.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         March 21, 2006