```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
```

KENNETH AND LORI WOOD

                         Plaintiffs,

                                                    00-CV-6433T

                  v.                         **DECISION
                                              and ORDER**

MUSTANG EXPRESS TRUCKING, INC., "K" LINE
AMERICA, Inc., KAWASAKI KISEN KAISHA, LTD.,
G.M. SERVICES, INC., LUIZ CHAVEZ, and JULIO
CUELLAR,

                         Defendants.
_____

<u>INTRODUCTION</u>

Plaintiff Kenneth Wood ("Wood") brings this action for negligence against defendants Mustang Express Trucking, Inc., ("Mustang"), "K" Line America, Inc., ("K-Line"), Kawasaki Kisen Kaisha, Ltd.,("Kawasaki"), G.M. Services, Inc., ("GM"), Luiz Chavez, ("Chavez"), and Julio Cuellar, ("Cuellar"). Plaintiffs contend that each defendant is liable for the injuries Wood allegedly sustained in a work-related accident in which the forklift he was operating fell into a gap between a loading dock and the truck Wood was loading.

Defendant Julio Cuellar was never served in this action, and therefore has not appeared. Defendants Chavez and GM failed to appear, and by Order dated November 3, 2004, a default judgment was issued against them. By Order dated March 21, 2006, this court granted Kawasaki's motion to dismiss for plaintiff's failure to

effectuate proper service on Kawasaki.  Accordingly, the only defendants remaining for adjudication on the merits are defendants K-Line and Mustang.

Defendants K-Line and Mustang now move pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment in their favor on grounds that they were not negligent and that they may not be held vicariously liable for the accident under any agency or vicarious liability theory.  Defendants further contend that plaintiff has failed to establish that any of the defendants were negligent.  Plaintiff opposes defendants' motion on grounds that there are numerous questions of fact in dispute as to whether or not K-line and/or Mustang may be held responsible for the acts of G.M. and/or Chavez, and whether or not any of the defendants were negligent.

For the reasons set forth below, I deny defendants' motion for summary judgment.

<u>BACKGROUND</u>

On March 26, 1998, plaintiff Kenneth Wood was employed by Toshiba Display Devices as a forklift operator at the Toshiba plant in Horseheads, New York. During the course of loading Toshiba Displays onto a tractor-trailer truck (which required Wood to drive his forklift onto the truck) the truck allegedly moved forward, creating a gap between the truck and the loading dock.  As Wood drove the forklift back onto the loading dock, his forklift fell

into the gap, resulting in Wood, who was still in the forklift, falling some distance, and allegedly injuring his back.


## DISCUSSION

### I.   Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."   When considering a motion for summary judgment, all inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought.  R.B. Ventures, Ltd. v. Shane, 112 F.3d 54 (2nd Cir. 1997). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate.  Annis v. County of Westchester, 136 F.3d 239, 247 (2nd Cir. 1998).


### II.  Material Questions of fact exist which preclude a grant of Summary Judgment

Mustang and K-Line move for summary judgment against the plaintiffs on grounds that G.M. and Chavez were independent contractors, and accordingly, any negligence on behalf of G.M. and Chavez cannot be imputed to Mustang or K-Line.  Mustang and K-Line

further contend that because the Complaint does not allege any negligence on the part of Mustang or K-L independently (i.e. outside of any duty owed in relation to G.M. or Chavez), the Complaint fails to state a cause of action against them.

While it is well established that a party engaging the services of an independent contractor generally can not be held liable for the negligent acts of the independent contractor, Tesillo v. Emergency Physician Associates, Inc., 376 F.Supp.2d 327, 330 (W.D.N.Y. 2005)(Larimer, J.), it is equally well established that whether or not a party is an independent contractor is generally a question of fact.  Isik Jewelry v. Mars Media, Inc., 418 F.Supp.2d 112, 131 (E.D.N.Y. 2005).  Similarly, the question of whether or not an agency relationship exists that is sufficient to bind the principal for the acts of the agent is "very fact-specific, and no bright-line rules control."  Murray Hill Films, Inc. v. Martinair Holland, N.V., 1987 WL 14918 (S.D.N.Y., July 17, 1987).

In the instant case, although the moving defendants submit affidavits stating that defendants Chavez and GM were independent contractors, and therefore neither Mustang nor K-line may be held liable for the acts of G.M. and/or Chavez, such self-serving declarations are insufficient to support a finding that no employer-employee or agency relationship existed where there is some evidence that such relationships may have existed.  See Nomura Securities International, Inc. v. E*Trade Securities, Inc., 280

F.Supp.2d 184, 196 (S.D.N.Y. 2003)(self-serving statements of purported agent attempting to prove agency relationship insufficient to prove existence of relationship). Accordingly, the court must review the record to determine whether or not, as a matter of law, defendants G.M and or Chavez were independent contractors or agents of defendants K-Line or Mustang.

Under New York law, an independent contractor is "'one who, in exercising an independent employment, contracts to do certain work according to his own methods, and without being subject to the control of his employer, except as to the product or result of his work.'" Murray Hill Films, Inc., 1987 WL at *3 (quoting Dworkin v. American Express Co., 345 N.Y.S. 2d 891, 894 (Sup.Ct. 1973). An agency relationship will be found to exist in cases where the principal retains the right to control "the manner of doing the work as well as the result." Murray Hill Films, Inc., 1987 WL at *3 (citing 3 N.Y Jur.2d § 324 at 140 (1980)). Several factors may be taken into consideration in determining whether or not a party is acting as an agent or employee including whether the purported agent or employee is engaged in a distinct occupation; whether the work is done independent of substantial direction; the skill involved; whether the purported principal provides the instrumentalities to complete the job, or the location for performing the work; whether payment is by time or by the job; whether the work is part of the employer's regular business and/or

necessary to it; and the intent of the parties.  <u>Chaiken v. VV</u>
<u>Publishing Corporation</u>, 119 F.3d 1018, 1034 (2nd Cir. 1997).

In the instant case, the plaintiff has submitted evidence from
which a trier of fact could find that G.M. and/or Chavez acted as
agents of K-Line or Mustang.  Plaintiff has submitted evidence that
defendant Mustang is not merely a broker of trucking services, as
it contends, but that it is actually a carrier itself.  Plaintiff
has submitted evidence that Mustang maintained a fleet of owner-
operated vehicles which it used to transport goods, that it
represented itself to Toshiba as a trucking service, not a broker,
and that it has not registered as a broker pursuant to federal
regulation.  Plaintiff has also submitted evidence that Mustang was
a party to an Intermodal Interchange Agreement with K-Line pursuant
to which Mustang, which was identified in the Agreement as the
"Motor Carrier" agreed that "any other party operating equipment
covered by this agreement will be acting as an employee or agent of
the Motor Carrier."  Intermodal Interchange Agreement at III.7.f.
Finally, plaintiff has submitted evidence that Mustang maintained
a file on Chavez, and examined–either directly or through its
insurer–Chavez's driving history.  Accordingly, pursuant to the
evidence submitted by the plaintiff, I find that there is a
question of fact as to whether or not Chavez and/or G.M. acted as
agents or employees of Mustang.

With Respect to K-Line, plaintiff has alleged that K-Line was
directly negligent with respect to the maintenance of the chassis.

Specifically, plaintiff alleges that the chassis suffered from air leaks and/or were maladjusted rendering the rear brakes inoperable. Defendant has failed to submit uncontroverted evidence to the contrary, and accordingly, plaintiff's allegations raise a question of fact as to whether or not K-Line was negligent with respect to the condition of the chassis, and whether the defect in the brakes caused or contributed to its negligence.

## CONCLUSION

For the reasons set forth above, defendants' motion for summary judgment is denied.

_____ALL OF THE ABOVE IS SO ORDERED.


S/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          February 23, 2007